THE PEOPLE *ex rel.* William C. Seipp

*v.*

THE CHICAGO AND NORTHWESTERN RAILWAY COMPANY.[*]

*Filed at Ottawa November 13, 1886.*

1. ROAD TAX—*as to highways within incorporated cities, etc.—powers of commissioners of highways.* Statutes conferring, in general terms, authority upon commissioners of highways to construct and maintain roads and bridges within their respective towns, will not be so construed as to authorize the exercise of such authority in respect to highways within the limits of incorporated cities and villages in such towns.

2. So a road tax, levied by commissioners of highways for the improvement of certain public roads, a part of each of which lies within an incorporated village, is illegal, and its collection may be enjoined.

APPEAL from the County Court of Cook county; the Hon. RICHARD PRENDERGAST, Judge, presiding.

Mr. CONSIDER H. WILLETT, for the appellants:

The proceedings were not void because part of the two roads mentioned in it were located partly within incorporated villages in said township.

The commissioners had the authority to levy this tax under the act of 1883, known as the Hard Road law. That law is not limited to roads outside of incorporated villages. It would be oppressive to tax all the property within the villages to build roads wholly outside their limits. But if the tax is held void, the remedy by injunction does not exist, there being an adequate remedy at law. *Jones* v. *Newhall,* 115 Ill. 244.

Mr. W. C. GOUDY, for the appellee the railway company:

It was not the intention of the legislature to take from the trustees of villages their powers as to the streets and roads

---

[*] This case was considered with *Frank Meyer et al.* v. *David A. Thatcher,* on appeal from the circuit court of Cook county,—the Hon. THOMAS A. MORAN, Judge, presiding.

,within their corporate limits.   *Town of Ottawa* v. *Walker*, 21 Ill. 605; *Commissioners* v. *Baumgarten*, 41 id. 254; *People* v. *LaSalle County*, 111 id. 527.

Messrs. WILSON & MOORE, for the appellees:

Municipal corporations have exclusive jurisdiction over the streets and highways within their limits.   *Quincy* v. *Bull*, 106 Ill. 349; *Dock and Canal Co.* v. *Garrity*, 115 id. 163.

The Hard Road act does not give the highway commissioners power to improve village streets.

Mr. H. W. DIKEMAN, also for the appellees:

The commissioners of highways (town officers) have no jurisdiction over the streets within the limits of said incorporated villages.   (Referring to the cases cited by Mr. Goudy, as above.)

The General Assembly may vest the corporate authorities of cities, towns and villages with power to make local improvements, by special assessment, or by special taxation of contiguous property, or otherwise.   Const. 1870, art. 9, sec. 9.

In accordance with that clause of the constitution, the legislature passed an act entitled "An act to provide for the incorporation of cities and villages," which act empowered the corporate authorities of cities and villages to make local improvements by special assessment or special taxation.   Rev. Stat. chap. 24, art. 9, sec. 116.

Cities and villages organized under said act, thereby became separate road districts.   *Cooper* v. *Ash*, 76 Ill. 11.

The power to make local improvements is expressly delegated to the authorities of incorporated villages, by that act, and there can be no question but that their power is exclusive, and all other bodies are deprived of its exercise.   *Town of Ottawa* v. *Walker*, 21 Ill. 605; *The People ex rel.* v. *Board of Supervisors*, 111 id. 527; *Comrs. of Highways* v. *Baumgarten*, 41 id. 254.

Mr. George L. Thatcher, for the appellee D. A. Thatcher:

The tax was void because levied by the township authorities for the improvement of roads the greater portion of which were within the limits of incorporated villages.

Under the city and village Incorporation act, the control of the village streets is vested exclusively in the village trustees. *Town of Ottawa* v. *Walker*, 21 Ill. 605.

A court of equity has authority to enjoin the collection of a tax levied without authority of law.

The tax sought to be enjoined was levied upon appellee's personal and real property.

Counsel for appellant insists, that if the tax is held void, yet the remedy by injunction does not exist, and to sustain his position relies upon a case from Massachusetts. The authorities in this State settle the law the other way. *Drake* v. *Phillips*, 40 Ill. 388; *Vieley* v. *Thompson*, 44 id. 9; *Cumberland County* v. *Webster*, 53 id. 141; *Town of Ottawa* v. *Walker*, 21 id. 605; *Ottawa Glass Co.* v. *McCaleb*, 81 id. 566; *Barry* v. *Railroad Co.* 98 id. 205.


Mr. Justice Mulkey delivered the opinion of the Court:

The controlling question in the above cases being the same, they have been consolidated, and will be considered together. The first is an appeal, by the People, from an order of the county court of Cook county, sustaining objections to and denying application for judgment against the right of way, etc., of the Chicago and Northwestern Railway Company, for the amount of a special road tax levied by the commissioners of highways of the town of Proviso, Cook county, under the act of 1883. The other case is an appeal by Frank Meyer, as collector of said town, from a decree of the circuit court of Cook county, rendered upon a bill filed therein by David A. Thatcher, as a tax-payer, perpetually enjoining Meyer from collecting the same tax. The record shows, and it is a con-

ceded fact, that the tax in question was levied for the improvement of certain roads, a part of each of which lies within an incorporated village in said town.

The controlling question in these cases, and the only one necessary to notice, is, whether a tax levied for the purpose, and under the circumstances stated, is a valid tax. The lower courts have both, on the authority of *Ottawa* v. *Walker,* 21 Ill. 605, *Commissioners* v. *Baumgarten,* 41 id. 254, and *People* v. *Supervisors,* 111 id. 527, answered this question in the negative, and, we think, properly. An examination of the cases cited, conclusively shows that this court is fully committed to the principle, that statutes conferring, in general terms, authority upon commissioners of highways to construct and maintain roads and bridges within their respective towns, will not be so construed as to authorize its exercise within the territorial limits of incorporated cities and villages in such towns. This construction commenced under the constitution of 1848, and has received the fullest recognition under the present constitution.

Waiving the question of constitutional power, we perceive nothing in the act of 1883, under which these proceedings were had, which justifies the conclusion that the legislature intended the present act should have a more extended operation than former acts, conceived in like general terms, upon the same subject. It is rather to be presumed, the act was framed with special reference to the settled construction given to such former acts. It could not have been intended by the act of 1883, to modify or in any manner limit the power of cities and villages over public highways and bridges within their corporate limits. And the proposition that the jurisdiction of the town and these municipalities, with respect to such matters, is concurrent, is obnoxious to so many vital objections that it can hardly be entertained. It were useless to attempt to enumerate the complications and difficulties that would be most likely to arise in an effort to exercise such

concurrent jurisdiction.   These considerations lead to the construction and course of decisions hitherto adhered to, and we have no disposition to depart from them now.   If there be hardships and inequalities in the law as it exists, the legislature is the proper tribunal to correct the evil, and not the courts.

The judgments will be affirmed.

*Judgments affirmed.*