DAVID B. LYMAN, Receiver,

v.

THE CITY OF CHICAGO et al.

*Opinion filed June 23, 1904—Rehearing denied October 18, 1904.*

1. INJUNCTION—*what essential to justify enjoining special assessment.* A court of equity will enjoin the collection of a special assessment only when the assessment is void or levied without legal authority or the property assessed is exempt.

2. SAME—*assessment not enjoined for departures from the ordinance.* Collection of a special assessment will not be enjoined because the improvement is not in conformity with the ordinance, as the remedy in such case is *mandamus.*

3. SAME—*objections not available on application for sale are not available on injunction.* Objections to a special assessment which would not be available upon an application for judgment of sale cannot be urged upon a bill to enjoin the collection of the assessment.

4. SAME—*failure to urge objections on application for sale is a waiver.* One who fails to avail himself of his opportunity to urge objections to a special assessment, either at the proceeding to confirm the same or on application for judgment of sale, cannot make such objections the basis for enjoining the collection of the assessment.

5. SAME—*when collection of assessment will not be enjoined.* Collection of a special assessment will not be enjoined for irregularities of procedure leading up to final judgment of confirmation, where the bill fails to show that complainant did not have an adequate remedy at law, by appeal or writ of error, to review the alleged irregular orders.

6. SPECIAL ASSESSMENTS—*it is presumed that statutory requirements were complied with.* In the absence of allegations to the contrary in a bill to enjoin the collection of a special assessment, it will be presumed that the public officers have performed their duties and that each statutory requirement has been complied with.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. JESSE HOLDOM, Judge, presiding.

The complainant, David B. Lyman, receiver of the Third National Bank of Chicago, insolvent, filed his bill in the superior court of Cook county for the purpose of setting aside certain special assessment proceedings in the county court of that county, and for an injunction

211—14

to restrain the sale of property described in the bill to pay a special assessment. A general demurrer was filed to the bill as amended, and it was sustained by the court and the bill dismissed for want of equity. The case is now brought to this court by writ of error.

The bill alleges, in substance, that on March 18, 1900, the board of local improvements of the city of Chicago passed a resolution for the paving of Blue Island avenue from Ashland avenue and West Twenty-second street to Western avenue, at an estimated cost of $79,000; that an ordinance was passed in pursuance of said resolution, a petition filed in the county court for the making of an assessment, and on July 23, 1901, the assessment confirmed after a hearing upon certain objections filed thereto; that on April 11, 1902, an order was entered setting aside all judgments of confirmation, and on July 9 following, the assessment originally made, as to the property of plaintiff in error, was again confirmed upon a hearing of objections; that on the 25th of that month an order was entered which attempted to eliminate from the total amount of the assessment an item of $4471.69 cost, and it was ordered that the roll be re-cast so as to effectuate the prorated reduction ordered; that on July 25, 1902, a contract was entered into for said improvement at a bid which was $4000 more than the estimated cost, attached to which contract were certain specifications providing that curb-stones should be set to the established grade, but in violation of the contract no curb-stones were used in any portion of the improvement, but curb walls and retaining walls were used in their place for the entire length of the improvement; that for these and other reasons which were assigned, the said contract and specifications provide for the construction of an improvement other and different from the one provided for in the estimate, and the improvement, as contracted, is other and different from the one provided for in the ordinance, contract and specifications,

and therefore the contract and specifications are null and void. A supplemental assessment was levied for the deficiency, amounting to $5709.36, and the bill alleges that it is null and void for the reason that the original estimate and proceedings are void.

On August 5, 1903, an amendment to the original bill was filed, which alleges that notwithstanding the order of July 25, 1902, to re-cast the assessment roll and deduct therefrom the sum of $4471.69, said roll never was re-cast and said amount never was taken from the original amount assessed against the property, and notwithstanding this fact the clerk certified for collection the amount assessed against the property in the original roll. Other material facts are stated in the opinion.

GEORGE W. WILBUR, for plaintiff in error.

WILLIAM M. PINDELL, (EDGAR BRONSON TOLMAN, Corporation Counsel, and ROBERT REDFIELD, of counsel,) for defendants in error.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is a collateral attack upon the assessment proceedings and judgment of confirmation set forth in the bill. It is fundamental that the aid of equity can only be invoked in the absence of an adequate legal remedy. Equity will interfere by injunction to prevent the collection of a special assessment only where the same is void or levied without authority of law, or the property assessed is exempt from taxation. A special assessment will not be enjoined because the improvement is not made in conformity with the provisions of the ordinance, the remedy being by *mandamus. Heinroth* v. *Kochersperger*, 173 Ill. 205; *Field* v. *Village of Western Springs*, 181 id. 186.

The bill in this case is very voluminous, setting up numerous alleged defects and irregularities in the special assessment proceedings in question, but plaintiff in

error, by his brief and argument, seems to rely mainly upon two principal points: First, that the resolution of the board of local improvements is illegal and void because it does not contain an itemized estimate of the improvement, and that the estimate of the cost contained in the petition filed is void because it does not provide for the same improvement set forth in the first resolution; and further, that the ordinance under which the assessment was made is void because it does not describe the same improvement set out in the first resolution of the board.

Special assessment proceedings being strictly statutory and the statute providing the various steps which shall be taken by public authorities in levying the same, the statutory requirements must be strictly complied with in order to make a valid assessment. We will, however, in every case, in the absence of allegations to the contrary, presume that the public officers have performed their duties and that each statutory requirement has been complied with.

Section 513 of chapter 24 of Hurd's Statutes of 1899, as to the proceedings preliminary to the public hearing therein required, provides that prior to the passage of an ordinance for a public improvement, a public hearing thereon shall be had to consider the nature and cost of the improvement, notice of which shall be sent to all persons who paid the general taxes for the last preceding year on each lot, tract or parcel of land fronting on the proposed improvement; and section 514 of the same act provides that at the public hearing any person desiring may be heard by the board of local improvements on the subject of the necessity for the proposed improvement, the nature thereof, or the cost estimated, as required by section 513, by the city engineer. Under these two sections the plaintiff in error had ample opportunity to be heard before the board of local improvements as to the estimate of the city engineer, and if such estimate

was not itemized, as required by section 513, that defect could have been availed of or corrected by the board. Again, after the ordinance had been passed authorizing the improvement and the petition and assessment roll filed in the county court, section 547 required notices to be mailed to each of the persons who paid taxes on the respective parcels of land assessed therein during the last preceding year in which taxes were paid, and that notices should be given containing a description of the nature of the improvement, of the pendency of the proceeding, of the time and place of filing the petition, of the time and place of filing the assessment roll, and of the time and place at which application would be made for the confirmation of the assessment. Under the provisions of that section, plaintiff in error had notice to appear before the county court and avail himself of the irregularities he is now complaining of, and we have held that if he does not appear and enter his objections at that time he cannot be heard to urge them upon the application for judgment of sale. Such application is collateral to the judgment confirming the assessment, upon which no defects that existed at the time the judgment of confirmation was entered, and could then have been interposed, can be made, unless it is shown that the county court was without jurisdiction to confirm the special assessment. (*Gage* v. *People*, 207 Ill. 61, and cases cited; *Thompson* v. *People*, id. 334.) Section 572 of the act expressly provides that upon the application for judgment of sale no defects or objection shall be made or heard which might have been introduced in the proceeding for the making of the assessment or the application for the confirmation thereof. Manifestly, the complainant below could avail himself of no objection, by bill in equity, which he could not urge upon the application for judgment of sale.

It is also insisted by counsel for the plaintiff in error that it is shown by his bill that an order was entered in

the county court on July 25, 1902, directing the clerk to re-cast the roll so as to exclude the item of $4471.69, being the cost of making and collecting the assessment, and that the roll was not so re-cast or the assessment ever confirmed, and it is contended that without such confirmation the same was void. The bill does show that on July 25, 1902, the court found that under the statute then in force the cost of the proceeding, amounting to $4471.69, should not be included in the assessment judgment, and that, the city being desirous of deducting the same, it was ordered that said item be deducted from the assessment, but it was at the same time further ordered that the preparation of the re-cast roll be deferred until the report of the board of local improvements as to the whole cost of the improvement should be made, "and that at that time, when such report is filed, the roll be re-cast in such manner as to effectuate the *pro rata* reduction above ordered, together with and at the same time as the reduction, if any, arising from the report of the actual cost of the improvement." That order did not set aside the judgment of confirmation previously entered and did not order the clerk to re-cast the assessment roll, as is assumed. The bill also alleges that on December 18, 1902, the city filed its petition for a supplemental assessment to pay a deficiency of $5709.86, and January 14 following, the board of local improvements certified to the county court that the work had been completed November 25, 1902, and accepted by it; also that on the same day, January 14, a certificate of the cost of the improvement was filed, as follows: "Assessment as originally confirmed, $73,942.46; total cost of work, $79,652.32; deficiency, $5709.86; revised assessment to be confirmed, $73,942.46; supplemental assessment to be levied for deficiency." And the court thereupon made the following order: "And now comes the petitioner herein, the city of Chicago, by Edgar B. Tolman, one of its attorneys, and presents to the court the certificate

and statement of the board of local improvements in the above entitled cause as to the cost of the said improvement, including the amount estimated by said board to be required to pay interest on the bonds and vouchers issued to anticipate payment; and the court, upon examination of said statement, and being fully advised in the premises, finds that there is nothing to be rebated and credited upon each lot, piece, part and parcel of land assessed in the above proceedings, as shown and set forth in said statement of the board of local improvements, which said certificate and statement are filed in court as of even date herewith. Now, therefore, on motion of the petitioner, it is ordered, adjudged and decreed that the assessment heretofore made to the public and the property owners herein assessed, *pro rata*, upon the respective lots, parts and parcels of land assessed in said proceeding, stand as heretofore confirmed, and it is further ordered that said statement be certified by the clerk of this court to the city collector."

The bill to which the demurrer was sustained therefore fails to show that the assessment was not confirmed by the county court. The most that can be said is, that the proceeding leading up to the final judgment of confirmation on January 14 was unusual and irregular. Although the roll of the original assessment was not formally re-cast, deducting the cost of the proceeding, the plaintiff in error did obtain by that order the full benefit of such reduction. He fails to allege in his bill that he was not notified of the proceeding to levy the supplemental assessment and the order of the 14th of January, 1902, when it was ordered that the assessment theretofore confirmed should stand. In other words, he fails to show that he did not have a complete and adequate remedy at law, by appeal or writ of error, to have that order reviewed if erroneously entered.

Other grounds of equity jurisdiction are suggested by counsel for plaintiff in error as set up in the bill and

urged as reasons for reversing the judgment of the county court sustaining the demurrer thereto, but they are each met with the answer that having had full opportunity in the county court to urge these objections and failed to do so, and having failed to show that the assessment is absolutely void, he cannot ask the interference of a court of equity by way of injunction.

The demurrer to the bill, as amended, was properly sustained and the bill dismissed. The decree of the superior court will accordingly be affirmed.

*Decree affirmed.*