# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF ILLINOIS.

JACOB MUSHBAUGH et al. Appellants, vs. THE VILLAGE OF
EAST PEORIA et al. Appellees.

*Opinion filed October 28, 1913.*

1. APPEALS AND ERRORS—*bill by tax-payer to enjoin collection
of special assessment relates directly to revenue.* A bill by a tax-
payer for an injunction to restrain the collection of a special tax
or special assessment relates directly to the revenue, and an ap-
peal in the case lies directly to the Supreme Court.

2. HIGHWAYS—*effect where bridge approach owned by city is
subsequently included within limits of a village.* Where a bridge,
and a toll road leading thereto and lying outside the limits of a
city, are purchased by the city for the use of the public, but there-
after a village is organized which includes the toll road within its
corporate limits, such road comes under the control of the village
and may be improved by the village the same as other streets with-
in its corporate limits.

3. INJUNCTION—*what objections cannot be urged in proceed-
ing to enjoin special tax.* Objections that property which should
have been specially taxed for the improvement of a street has
been omitted and that the fee of the street to be improved is not
in the municipality levying the tax and making the improvement
are objections which should be raised in the county court before
the tax is confirmed, and they cannot be urged in a collateral pro-
ceeding to enjoin the collection of the tax.

4. SAME—*when equity will not grant relief against judgment at law.* The power of a court of equity to grant relief against a judgment at law must be exercised according to fixed rules, and it is no ground for relief in equity that a judgment is wrong in law or in fact if the complaining party had an opportunity to make a defense at law and failed to do so.

5. SPECIAL TAXATION—*what does not excuse failure to file objections.* That misleading statements were made to property owners by the board of local improvements affords no excuse for the failure of such owners to file objections to the confirmation of tax.

6. SAME—*a village has power, by ordinance, to fix amount of public benefits.* A village has power, when passing an ordinance for the improvement of a street by special taxation, to fix the amount of public benefits.

7. SAME—*when a street railway company need not be made a party to proceedings.* Where the ordinance granting the franchise to a street railway company provides that the company shall pave its right of way when the other portions of the street are paved, it is not necessary that the company be made a party to a proceeding to pave such other portions of the street by special taxation.

APPEAL from the Circuit Court of Tazewell county; the Hon. T. N. GREEN, Judge, presiding.

SHEEN & GALBRAITH, for appellants.

J. P. ST. CERNY, Village Attorney, (W. B. COONEY, of counsel,) for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

The village of East Peoria passed an ordinance for the paving of West Washington street a width of $17\frac{1}{4}$ feet on each side of the right of way of the Peoria Railway Company, for a distance of 400 feet on the east end of said street, and for paving North and South Main street, and providing for a special tax upon adjacent property to pay for said improvement. After the assessment had been confirmed in the county court, Jacob Mushbaugh and other tax-payers and property owners in the village of East Peoria filed a bill, on behalf of themselves and all other

tax-payers who might see proper to become parties, to enjoin the enforcement of the ordinance and the collection of said special tax. The president of the board of trustees, the city attorney and other officials of East Peoria were made parties. They appeared and filed a demurrer, which was sustained and the bill dismissed for want of equity. This appeal followed.

Whether the appeal was properly taken directly to this court, while not raised in the briefs, was discussed on oral argument. The question of restraining, by bill for injunction, the collection of special assessments on account of the invalidity of ordinances or for certain other illegalities in the proceedings has been frequently considered by this court when the case was brought directly here by appeal or writ of error. (*Lyman* v. *City of Chicago,* 211 Ill. 209; *Sumner* v. *Village of Milford,* 214 id. 388; *Cosgrove* v. *City of Chicago,* 235 id. 358; *Loeffler* v. *City of Chicago,* 246 id. 43; *Martin* v. *McCall,* 247 id. 484; *Haugan* v. *City of Chicago,* 259 id. 249.) It must therefore be held the settled rule of this court that a bill by a tax-payer for an injunction to restrain the collection of a special tax or special assessment involves revenue directly, as that term has been construed by this court, and authorizes a direct appeal.

The first reason urged as to the invalidity of the ordinance is that West Washington street is owned by the city of Peoria and not by the village of East Peoria, and that the city of Peoria is under contract obligation to improve said street. From the allegations of the bill it appears that a bridge across the Illinois river, and the approach thereto on the east side thereof for a distance of one and seven-sixteenths miles, was acquired in 1855 by the Peoria Bridge Association, a corporation, which owned and controlled the said bridge, and the approaches thereto, as a toll road and bridge. In 1877 the legislature passed an act to enable cities and villages to acquire by purchase, lease or gift, and to establish, maintain and regulate, ferries, bridges and the

approaches thereto within the corporate limits or within five miles thereof. (Laws of 1877, p. 61.) This act was intended to supersede another on the same subject passed in 1874. In 1879 this law was amended, giving to the purchasing city control of the bridge, ferry or approach located outside the city, when so purchased. In 1881 the law was amended by adding certain exceptions not here in point. The law was afterward amended in 1891 to read as it is now found in the statutes. (Hurd's Stat. 1911, chap. 24, pars. 194, 194*a*, p. 312.) Assuming to act under and by authority of the statute on this subject then in force, the city of Peoria purchased of the bridge association all of its title and interest in this bridge and its approaches. The deed, dated November 3, 1886, recites a consideration of $30,367.15, a copy being attached as an exhibit to the bill. The deed purported to convey the bridge and certain approaches and strips of land, and also all of the right, title and interest of the bridge company in and to the privileges and franchises granted to the bridge company under an act of the legislature entitled "An act to authorize the construction of a bridge across the Illinois river," approved January 26, 1864. In the *habendum* clause of said deed it is provided that the said city of Peoria is "to have and to hold the aforesaid premises, and each and every part thereof, to the said party of the second part, for public use as a free bridge and highway, to be maintained and kept in repair by the said party of the second part forever." The village of East Peoria was incorporated in 1884, about two years prior to the execution of said deed. The toll road leading to the east end of the bridge is within the corporate limits of said village and is there known as West Washington street. The theory of the bill is, that the title to the bridge and its approaches passed by the conveyance to the city of Peoria, and that said city is by virtue of its ownership, as well as by its covenant in the deed, required to forever maintain and repair said street.

In the United States, township, county or other local authorities usually have control or supervision over ordinary public highways in the country, while the corporate authorities of cities, villages and incorporated towns usually have such control within their respective limits. Whether such jurisdiction and power in the one are exclusive depends upon the intention of the legislature. As a general rule, however, a grant to a city, incorporated village or incorporated town of power to control and regulate the streets confers exclusive authority over the streets, and vests in such authorities the power and jurisdiction to regulate and control highways which have heretofore been under the control of township or county organizations and transfers to such city or village the duty of maintaining and repairing them, unless the statute otherwise provides. (3 Dillon on Mun. Corp.—5th ed.—sec. 1138, and cases cited.) It is conceded that the village of East Peoria was incorporated under the general City and Village act, which grants exclusive jurisdiction over the streets of the municipalities incorporated thereunder, unless otherwise specially provided by statute. The statute under which the city of Peoria purchased the bridge and road in question provides for the control of bridges and roads but does not in any way refer to streets. "The word 'road' is now commonly used as denoting a public way in the country rather than the street of a town or city." (Elliott on Roads and Streets,—2d ed.— sec. 7.) While no satisfactory and generally accepted definition of the term "street" has been reached by the authorities, the most generally accepted definitions are those which confine a street to "a public highway within an incorporated municipality." (3 Dillon on Mun. Corp.—5th ed.— sec. 1121.) The most natural construction of the statute in question would be to confine it to the control of bridges and roads by cities and villages where such roads are outside of the limits of other cities, villages or incorporated towns. (See *Peoria and Pekin Union Railway Co.* v. *Peo-*

*ple,* 144 Ill. 458; *Snell* v. *City of Chicago,* 133 id. 413; *City of Joliet* v. *Drainage District,* 222 id. 441.) The general rule is, that one municipality cannot levy a tax for an improvement to be made within the limits of another municipal corporation. (*Town of Ottawa* v. *Walker,* 21 Ill. 605; *People* v. *LaSalle County,* 111 id. 527; *Loeffler* v. *City of Chicago, supra.*) The statute conferring authority, in general terms, upon commissioners of highways in country districts to maintain and control roads and bridges within their respective towns will not be construed to authorize its exercise within the territorial limits of incorporated cities and villages in such towns. (*People* v. *Chicago and Northwestern Railway Co.* 118 Ill. 520; *Shields* v. *Ross,* 158 id. 214; *People* v. *Chicago and Alton Railroad Co.* 172 id. 71.) This same rule would necessarily be applied in the construction of a statute which gave, in general terms, the power to one municipality to construct and maintain roads in another municipality. In *Snell* v. *City of Chicago, supra,* it was held that where part of a toll road formerly in the country was brought within the boundaries of an incorporated city by the annexation of territory, the authority of the toll road company would thereafter cease and the portion of the road thus taken into the city would thenceforward be under the control of the city. Applying this doctrine to this case, when the road in question was included, in 1884, within the incorporated limits of East Peoria the authorities of that village thereafter had control over that part of the toll road within its limits, and the deed conveying the bridge and road to the city of Peoria two years thereafter would convey subject to those conditions.

Appellants contend that the city of Peoria was not made a party to this proceeding and therefore cannot be bound by any decision here as to its rights in this suit. This must be conceded, but we do not see how appellants can take advantage of that question in this proceeding. If property

not assessed should have been assessed for this improvement, appellants should have raised that question in the county court before confirmation. (Hurd's Stat. 1911, sec. 47, p. 417; *Jones* v. *Town of Lake View,* 151 Ill. 663; *Doran* v. *City of Murphysboro,* 225 id. 514.) Furthermore, if it be urged that the city of Peoria owns the fee to the street in question, that is no objection in this collateral proceeding to the levying of an assessment to pay for a local improvement constructed thereon. (*People* v. *Sass,* 171 Ill. 357.) Such an objection, under section 53 of the Local Improvement act of 1897, should be made on application to confirm the assessment and cannot be raised collaterally. (*People* v. *Talmadge,* 194 Ill. 67.) Had the objection that the city of Peoria should be a party been made before confirmation and insisted on in the county court on that hearing, an entirely different question would then have been presented from that now before the court. It is conceded by the allegations of the bill that appellants were notified of the proceedings in the county court before confirmation and conferred with the members of the board of local improvements as to certain changes. They do not, and cannot on the showing made by their bill, charge that the proceedings in the county court were fraudulent and therefore void.

Counsel for appellants argue, if the court does not agree with them in the contentions as to the point heretofore considered, that the ordinance should be held invalid in this proceeding because unreasonable, in that the proposed improvement will tend to destroy West Washington street, as the ordinance only provides for paving 17¼ feet on each side of said street, leaving the portion occupied by the street railway company unpaved. The allegations of the bill, however, show that the railway company is required to pave that portion of the street occupied by it. The fact that the railway company is not made a party does not render the proceedings invalid. The usual prac-

tice is to make no provision for paving the street railway right of way under a local improvement ordinance of this kind where the ordinance granting the · franchise to the street railway company provides that it shall pave its right of way. *City of Lincoln* v. *Harts,* 250 Ill. 273, and cases cited.

The objection that the present grade of the pavement on the right of way of the street railway company is a foot · or more lower than the grade established for this new pavement is also without force, as the bill shows that the street railway company is required to pave, at its sole expense, its right of way in like manner and with the same kind of material and at the same time as the village of East Peoria paves other parts of West Washington and other streets involved in said franchise.

The objection that the village was without authority to· fix the amount of public benefits by ordinance cannot be sustained. *Birket* v. *City of Peoria,* 185 Ill. 369; *City of East St. Louis* v. *Illinois Central Railroad Co.* 238 id. 296.

The argument that misleading statements were made by the board of local improvements to complainants affords no excuse for the latter not filing objections in the county court. *Cosgrove* v. *City of Chicago, supra; Haugan* v. *City of Chicago, supra.* ·

Other objections raised, as well as those already considered, could have been urged in the county court. The power of courts of equity to set aside and invalidate judgments of law should be exercised according to fixed rules. It is no ground for relief in equity that a judgment is wrong in fact or in law, if the complaining party had an opportunity to make a defense at law and failed to· do so. *Martin* v. *McCall, supra; Haugan* v. *City of Chicago, supra.*

The demurrer to the bill was properly sustained, and the decree of the circuit court will be affirmed.

*Decree affirmed.*