(No. 24468.

THE PEOPLE *ex rel.* William M. Carroll, State's Attorney, Appellee, *vs.* THE VILLAGE OF LAKEWOOD, Appellant.

*Opinion filed February 17, 1938.*

MALONEY & WOOSTER, and H. L. SUMMERFIELD, for appellant.

WILLIAM M. CARROLL, State's Attorney, and DON A. WICKS, for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

The People of the State of Illinois, on the relation of the State's attorney of McHenry county, filed in the circuit court of Lake county a petition in the nature of a *quo warranto.* The petition questioned the right of the village of Lakewood, in McHenry county, to exercise certain governmental powers and authority, hereafter mentioned, over two certain tracts of land, (designated in the petition as

tracts A and B and fully described) being a public park, known as Grafton Park, dedicated and governed in the manner hereafter set forth. The village of Lakewood filed an answer. Evidence was heard. The court entered an order prohibiting the village from preventing persons holding concessions granted by the park commissioners from occupying stands in the park or from carrying on an otherwise lawful concession. It was ordered that the police department of the village have authority to exercise police control over the property in question for the maintenance of order and for the enforcement of reasonable and lawful ordinances of the village with reference to public health, sanitation and maintenance of order. It was further held that an ordinance with respect to the wearing of certain kinds of bathing suits and regulating the use of bathing beaches was valid. The circuit court certified that the validity of municipal ordinances was involved in the case and that the public interest required that an appeal be taken direct to this court, and the cause is here upon such appeal.

The property known as Grafton Park is a narrow strip of land about 978.5 feet long extending along the southerly shore of Crystal Lake and wholly within the corporate limits of the village of Lakewood. The only building in the park is a small frame shed used as a concession stand by one Foster, for the sale of soft drinks, sandwiches, cigarettes and the like. Pursuant to an agreement between the Consumers Company and the highway commissioner for the township of Grafton, whereby a public highway was vacated some time about June 15, 1921, the Consumers Company conveyed the land constituting the park to the town of Grafton for the use of the public. The agreement provided that all persons lawfully using the premises should have the privilege of using the waters of Crystal Lake for bathing, boating and fishing purposes. A board of park commissioners of Grafton township was appointed by the county court of McHenry county on February 15, 1926,

(their successors thereafter being elected,) and that board assumed jurisdiction over Grafton Park.

The village of Lakewood was organized as a village on July 10, 1933. From the evidence it appears that the village is a residential community along the south shore of Crystal Lake. It has no commercial district, but the only place where merchandise is sold is at the concession stand heretofore mentioned, leased from the park commissioners. The park is used as a picnic ground by persons residing at a distance from it as well as by those in the immediate vicinity. The park maintains no police force. The village of Lakewood does, however, have a police department which was created by ordinance. The ordinance provided, among other things, that the police should preserve the peace and maintain order in the park as well as prevent damage to or destruction of the shrubs, trees and plants within its boundaries.

Three ordinances of the village of Lakewood here are in evidence. One ordinance prohibits the wearing of certain kinds of bathing suits, prohibits indecent exposure, and prohibits persons from dressing or undressing in motor vehicles or tents or in any place other than a house or bathhouse. A second ordinance makes it unlawful for any person to damage or destroy trees, shrubs or foliage or to dig or cultivate any of the ground in the parks or public property or to construct, change or interfere with any improvements in the public property or parks in the village, except as directed by the president and board of trustees in the village of Lakewood. Another ordinance makes it unlawful for any person, firm or corporation to sell or offer for sale any goods, wares or merchandise of any kind upon any public street or on any public property or parks located within the village of Lakewood. There are no ordinances restricting the use of public parks and property within the village of Lakewood other than the three mentioned.

More than a year after the village was organized a resolution was adopted by the village reciting that more than

a fiscal year had passed since its organization and stating that any lease given to Foster had expired. The resolution declared and ordered that all rights and licenses or permits which had been issued to Foster by any of the commissioners, or persons controlling or exercising control over the park property, be terminated and declared null and void, and that any lease or agreement for a lease between Foster and the park commissioners was terminated. Foster was directed to vacate the property.

It is contended on behalf of the appellant village that the Cities and Villages act conferred upon the village, when it was incorporated, the jurisdiction and control of any park property within its limits, and that it had power to enact ordinances for the control and maintenance of the park in question and to regulate or prohibit sales on public property or in parks within the village, and that the ordinances which had been enacted by the village were authorized by law and were valid. The contention of the appellee is that the management and control of Grafton Park were vested in the board of park commissioners of Grafton township under the grant of the Consumers Company and under the provisions of "an act to establish and maintain parks and parkways in towns and townships," and that such authority was not transferred to the village of Lakewood upon its incorporation.

It is provided in the constitution of 1870 that township organization in counties may be established by general law by the General Assembly. Chapter 139 of the statutes contains the general provisions with respect to township organization so authorized. Paragraphs 117, 118 and 127 of the. chapter of the statutes entitled Parks provides the authority for the creation of parks or parkways to be set apart "and forever held" for the free use of the public, and for the appointment of park commissioners in towns and townships. State Bar Stat. 1935, pp. 2255, 2256.

The chapter entitled Parks provides for the establishment of parks in towns and townships for the purpose of promoting the health and welfare of the citizens of such towns and townships and for the appointment of a board of town or township park commissioners. It is the duty of such park commissioners to locate and acquire land for parks and parkways leading thereto and to improve, manage and control such park or parks and to enforce reasonable and proper rules and regulations for their beneficial use, occupation and enjoyment by the public. Lands for parks may be acquired by donation, devise, purchase or condemnation.

Section 7, paragraph 65 (7), of article 5 of the Cities and Villages act, with respect to the powers of city councils and the presidents and boards of trustees in villages, provides that they shall have power to lay out, and establish, among other things, parks and public grounds and vacate the same, and for such purpose or uses to take real property or portions thereof belonging to said city or village, or county school districts, boards of education, sanitary districts, or sanitary district trustees, forest preserve districts or forest preserve district commissioners, and park districts or park commissioners, and already devoted to a public use, when such taking will not materially impair or interfere with the use already existing and is not detrimental to the public. By other provisions cities and villages are empowered to do all acts and make all regulations which may be necessary or expedient for the promotion of health or the suppression of disease, and to pass and enforce all necessary police ordinances.

There is no specific provision of the statutes which authorizes a city or village, upon its organization, to take over the control and management of a park which was established in pursuance of the general law creating a township park and before the organization of the village, without the consent of the park commissioners.

It is the contention of the attorneys for the appellant that the paragraphs in the Parks statute, heretofore mentioned, pertain only to the jurisdiction of township officers over public property in unincorporated territory. Township park commissioners are not township officers under the Township act. The office of township park commissioner was created by a separate act of the General Assembly for a specific purpose, and the duties of the office are specifically set forth in the act creating the office. It is not inconsistent with the proper exercise of the functions of a village government for a township park to exist within such village under the control of its own township park commissioners. Paragraph 125 of the Parks statute provides that whenever such a condition exists the board of park commissioners is authorized to negotiate with and co-operate with the proper authorities of such city, incorporated town or village for water, fire and police protection of the park or parks and parkways. (State Bar Stat. 1935, p. 2256.) Since the statute contemplates the possible existence of township parks within village territory governed by park commissioners, it follows that a township park is not automatically absorbed by a village upon its organization, and when the statute provides that a city or village may take property, including that of park commissioners, it can only mean that it should be done by some prescribed method then authorized by law. The power of the village of Lakewood with reference to public property and parks cannot be enlarged beyond the specific enumeration of powers contained in the Cities and Villages act.

Counsel for appellant have cited certain cases in support of their contention that the ordinances and action of the village were valid and legal. *Mushbaugh* v. *Village of East Peoria*, 260 Ill. 27, is cited as an authority which, by analogy, it is contended, supports the contention of the appellant in the present case. That case involved a consideration of the authority of municipalities over streets within

their limits. Incorporated municipalities have been given exclusive authority in such matters. The situation is not similar with respect to parks and park commissioners, created under the act relating to parks.

The judgment of the circuit court was in accordance with the law, and it is affirmed. *Judgment affirmed.*