## GEORGE WEBSTER *et al.*

*v.*

## THE CITY OF CHICAGO.

REMEDY—*neglect to open street in reasonable time.* An action of assumpsit does not lie against a city by a party whose land has been condemned by the city for the extension and opening of a street, to recover special damages, in being deprived of the beneficial use of the land not taken. If the city improperly neglects to open the street within a reasonable time, not having abandoned it, *mandamus* is the proper remedy.

APPEAL from the Circuit Court of Cook county; the Hon. HENRY BOOTH, Judge, presiding.

Messrs. HOWE & RUSSELL, for the appellants.

Mr. FRANCIS ADAMS, and Mr. ELLIOTT ANTHONY, for the appellee.

Mr. CHIEF JUSTICE SHELDON delivered the opinion of the Court:

This was an action of assumpsit against the city of Chicago, to recover damages alleged to have accrued to the plaintiffs by reason of the failure of the city to open a street within a rea-

sonable time.  A demurrer was sustained to the declaration, and the plaintiffs appealed to this court.

The declaration contains five special counts, all setting forth in varying forms the same cause of action, which is substantially as follows:  That the common council of the city, by ordinance passed July 13, 1868, ordered the opening or extension of Milwaukee avenue, in said city, of the width of eighty feet, from the intersection of Desplaines and Kinzie streets to the intersection of Canal and Lake streets; that an assessment was duly made of the benefits and damages which would accrue to the owners of property which would be taken for the improvement, which assessment was confirmed by the common council October 19, 1868; that the damages to lot 9, in block 12, of which plaintiffs were the owners (part of which was necessary to be taken for the improvement), were assessed at $8710, and the benefits at $3150, making an excess of damages over benefits of $5560, which excess was, March 15, 1869, paid by the city to the plaintiffs, and by them accepted.

The declaration avers, further, that the city, upon payment of the said sum to the plaintiffs, entered upon and took possession of the part of said lot condemned for the purpose of the street, and has since continued such possession, and that, by reason of the premises, it became the duty of the city to open the street within a reasonable time, " and the defendant, in consideration thereof, then and there undertook and faithfully promised the plaintiffs to perform its said duty;" that the city did not, within a reasonable time, open the street, and has never opened the same.  The only special damage averred is, that owing to such neglect the land has been of no value to the plaintiffs since it was so taken; that the only frontage to the lot is on said proposed street, and if it had been opened as ordered, all the remainder of the lot would have been available and needed for actual use.  The suit was commenced April 2, 1875.

We know of no precedent for such a suit.  Appellants' counsel cite authorities to the general principle, that where a

duty is imposed upon a city, it is liable to an action by a party who sustains damages from a neglect of such duty.

It does not follow, as a necessary corollary from that principle, that this form of action is to be supported here against the city.

The plaintiffs have received all the damages awarded them for the part of their lot taken, with the exception of $3150, which it was estimated they would receive in benefits—that is, in the enhanced value of the part of the lot not taken, by reason of the improvement. But they do not sue to recover the $3150, as for the amount paid by them on the assessment of benefits, or rather deducted from the sum total of the damages to their property. Neither do plaintiffs seek to recover their land. There is no pretense that the improvement has been abandoned. The declaration would seem to go upon the theory that the improvement is to proceed, and that plaintiffs are entitled to recover any special damage which they may have suffered by reason of not having had a frontage on the proposed new street, within a reasonable time after the condemnation of their land.

The order for the opening of the street, it is to be presumed, was made because the street would be an accommodation to the public. From the delay in opening it, very many persons besides the plaintiffs may be supposed to have experienced inconvenience and damage. To sanction this kind of an action, and thus expose the city to the numerous suits for damage which might be brought by persons who had sustained inconvenience and loss by reason of the delay in opening the street, would not seem to consist with sound principle. There was considerable delay here, and plaintiffs may have just ground of complaint, but they were not without remedy, otherwise. If the delay was without excuse, the action of the city might have been hastened by *mandamus.*

We are of opinion that this kind of action should not be held to lie here, but that when a city improperly neglects to proceed to open a street which has been ordered to be opened, within a reasonable time, not having abandoned it, *mandamus* is the proper remedy. *Higgins v. The City of Chicago,* 18 Ill. 276; *Hall*

*et al.* v. *The People,* 57 id. 307; *Whiting* v. *Mayor and Aldermen of Boston,* 106 Mass. 89.

Finding no error in sustaining the demurrer to the declaration, the judgment is affirmed.

*Judgment affirmed.*