THE PEOPLE *ex rel.* Kochersperger, County Treasurer,

*v.*

CHRISTINA SASS *et al.*

*Opinion filed February 14, 1898.*

1. MUNICIPAL CORPORATIONS—*a city need not condemn property before assessing for its improvement.* A city has power to acquire private property for public use, and it is not necessary that such power should be exercised before levying a special assessment to pay for a local improvement constructed thereon. (Language used in *Lehmer* v. *People*, 80 Ill. 601, disapproved.)

2. SPECIAL ASSESSMENTS—*question whether city has acquired private property is not involved in assessment proceedings for improvement thereon.* Whether or not a city has acquired property upon which an improvement has been or is to be constructed is not involved in the proceedings to levy an assessment to pay for the improvement, nor is its decision necessary for the protection of the parties assessed. (Contrary observations in *Boynton* v. *People*, 159 Ill. 553, overruled.)

3. SAME—*adoption of ordinance for improving private property is an assumption of duty to condemn.* The adoption of a special assessment ordinance for constructing an improvement upon private party is an assumption by the city of the duty to acquire such property by an exercise of the city's power of eminent domain.

4. ACTION—*property owner's remedies when city proceeds to construct improvement on private property.* Where a city proceeds to expend

public money to construct a public improvement on private property, the owner of property assessed to pay for the improvement may enjoin further expenditure until the city has acquired title, or may, by *mandamus*, compel the city to condemn.

5. This case arose prior to the enactment of section 53 of the act concerning local improvements in force July 1, 1897, (Laws of 1897, p. 120,) which provides that no special assessment or special tax shall be levied for any improvement until the land necessary therefor shall be acquired and in possession of the city, etc.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

JOHN D. ADAIR, for appellant.

E. S. CUMMINGS, for appellees.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The city of Chicago adopted an ordinance providing for the construction of a sewer in an alley between West Madison and West Monroe streets, from Hoyne avenue to the east line of the alley east of Leavitt street, in said city, the same to be paid for by special assessment. Proceedings were had in the county court of Cook county, where judgment by default was entered against the lots of the respective appellees herein, and the assessment roll was confirmed. Thereafter, said lots having been returned as delinquent, application was made to said court by the county collector for an order of sale. To the allowing of said order objection was made by appellees, upon the ground that the alley in question is a private alley, and that the city of Chicago had no right to lay the sewer on private property, and the assessment ought not, therefore, to be collected. The court sustained the objection and entered judgment refusing the order of sale. From that judgment this appeal is prosecuted.

The only question presented for our decision is, whether the ruling of the court sustaining said objection was proper. If the alley is private property,—as to which we

express no opinion,—the city is vested with full power to acquire the title to it by the exercise of the right of eminent domain. (*Chicago and Northwestern Railway Co.* v. *City of Chicago,* 148 Ill. 141.) The adoption of the ordinance providing the local improvement should be made, and be paid for by special assessments, was, in legal effect, an assertion on the part of the city that it would exercise the right and power possessed by it to procure the property in or upon which the ordinance provides the improvement shall be made. In *Village of Hyde Park* v. *Borden,* 94 Ill. 26, and in *Cochran* v. *Village of Park Ridge,* 138 id. 295, we held it was not necessary the ordinance should provide for acquiring the right to make the improvement upon the property of others. And in *Holmes* v. *Village of Hyde Park,* 121 Ill. 128, *Hunerberg* v. *Village of Hyde Park,* 130 id. 156, *Leman* v. *City of Lake View,* 131 id. 388, *Goodwillie* v. *City of Lake View,* 137 id. 51, and *Burhans* v. *Village of Norwood Park,* 138 id. 147, we held that the owner of property specially assessed for a local improvement could not be allowed to interpose, as against an application for the confirmation of a special assessment, the objection the municipal corporation had not acquired title to the ground or land upon which the improvement has been or is to be made, the reason advanced in support of such ruling being, that the city possessed ample power to acquire the property, and that it was not necessary the power should be exercised before judgment of confirmation should or could be entered.

It is urged it was held in *Lehmer* v. *People ex rel.* 80 Ill. 601, the objection the property upon which the contemplated improvement was to be made was not public property, could and should have been made against the application for a judgment of confirmation. That question was not presented to the court by the record in that case. The question which was presented was the same as arises in the case at bar, namely, whether such an objection was well interposed to an application for a judgment of sale

for non-payment of assessments, and the court held it was not a legal and sufficient objection to such an application. In reasoning upon the question it was remarked that the objection could have been made to the application for judgment of confirmation of the assessment, and, not having been made then, was *res judicata.* This observation was not upon any point before the court for determination, and must be considered as disapproved by the later decisions of this court hereinbefore cited.

We are aware an expression in the opinion in *Boynton* v. *People,* 159 Ill. 553, gives some support to the view entertained by the county court in the case at bar, that it was a good objection to the application for a judgment of sale for unpaid special assessments that the city had not acquired title to the property on which the public improvement was to be made. The specific objection in the *Boynton case* was, that the improvement (a sidewalk) had been built by the city upon the private property of Boynton, the objector, and that the city had not paid him for the strip of land on which the walk was laid nor acquired right or title thereto, and the decision was, the objection could not be sustained. The ground upon which the decision was made to rest was, it appeared the improvement (the sidewalk) had been built by the city and completed as required by the ordinance, and that appellant (the objector) and the public had received and were enjoying all the benefits and advantages of the improvement, and therefore had no just claim to be relieved from the payment of the assessments; and as to the right of Boynton to interpose the objection to the application for judgment and order of sale of his lots it was there said (p. 560): "Appellant has received full consideration for the assessment levied on his lot, and the question whether he has received, or is entitled to receive, compensation for the strip of ground upon which the sidewalk is placed is not involved in this litigation. If he is entitled to compensation the law will afford him a remedy."

It is therefore apparent the expression in the opinion hereinbefore alluded to, from which appellees' insistence derives some support, was not necessary to the determination of the case and not in harmony with the principle which governed in the decision of the case. The decision was placed upon the true rule, that the question whether the city has paid for or acquired the property on which a public improvement is to be made "is not involved in the litigation" to collect the special assessments, and any observation to the contrary indulged in in the course of the opinion is now overruled. Clearly, that question is not involved in an application for judgment and order of sale, nor is its decision necessary for the protection of the rights of a party whose property is adjudged liable to be sold for unpaid special assessment. The city has ample power to acquire the private property for public use. The adoption of an ordinance providing a public improvement shall be made by special assessment is an assumption on the part of the city of the duty to exercise the power with which it is invested, and acquire the property upon which it has ordained such public improvement shall be made. The law affords ample remedies for the protection of the owners of property burdened with special assessments, under such an ordinance. If the city should enter upon private property and commence to expend the public money in the construction of an improvement upon such private property, the owner of any property which had been specially assessed for the purpose of raising the fund to defray the expense of making the improvement could invoke the aid of a court of equity to enjoin further expenditures of such public fund until the right and title of the owner of the private property be acquired by the city; or such owner of private property so specially assessed might, in such instance, invoke the remedy of the writ of *mandamus* to require the city to condemn the private property upon which it was constructing a public improvement. If the city should im-

properly neglect for an unreasonable length of time to proceed to condemn the alley (if it is private property) and to enter upon the work of making the improvement provided for by the ordinance, not having abandoned it the appellee could, through the medium of the writ of *mandamus,* compel the city to proceed to condemn the alley and complete the improvement. (*Webster* v. *City of Chicago,* 83 Ill. 458.) Therefore it is clear the fact, if true, the city, in the case at bar, had not acquired the title to the alley in question, presented no defense to the application for judgment and order of sale.

It is proper we should remark this contention arose prior to the enactment of section 53 of the act of the General Assembly entitled "An act concerning local improvements," approved June 14, 1897, in force July 1, 1897.

The judgment of the county court must be reversed and the cause remanded.      *Reversed and remanded.*