PERKINS BASS

*v.*

THE SOUTH PARK COMMISSIONERS.

*Opinion filed February 14, 1898.*

1. PARKS—*assessment to improve boulevard—regularity of steps by which street was acquired need not be shown.* An assessment petition for boulevard improvement, which alleges that the street had been selected and taken by the park commissioners and was within the park district, need not set forth the various steps by which the commissioners acquired control of such street, nor need the regularity of such steps be proven in the assessment proceeding.

2. TAXES—*fact that ordinance confines assessment to contiguous property does not make it a special tax.* An assessment for street improvement, made according to benefits, is not necessarily a special tax because confined, by the ordinance, to contiguous property.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

WILSON, MOORE & MCILVAINE, for plaintiff in error.

GREEN, ROBBINS & HONORE, for defendants in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

As the owner of lot 17, in block 98, in school section addition to Chicago, abutting on that part of Jackson street improved by the South Park Commissioners, plaintiff in error sued out this writ of error to reverse a judgment rendered by default against said lot by the circuit court, in a proceeding by said commissioners for the confirmation of a special assessment made by them for the improvement of said street. There is no bill of exceptions in the record, and unless the proceedings on their face show that the judgment is erroneous it must be affirmed.

The petition was filed under an act of the General Assembly entitled "An act to enable the corporate authorities of two or more towns, for park purposes, to issue bonds, * * * to make, revise and collect a special

assessment on contiguous property for benefits by reason of the location of parks and boulevards," etc., approved June 16, 1871. (2 Starr & Curtis' Stat. 1695.)

It is first contended that error appears because it is shown by the petition that Jackson boulevard was not originally a part of the park system, but only that it was "selected and taken" by the commissioners and was in the South Park district, and that they had no power to take a street of the city and exercise control over it except under a statute for that purpose,—citing *Kreigh* v. *City of Chicago*, 86 Ill. 407; and while it is not denied that, under statutory provisions enacted since that case was decided, (Laws of 1879, p. 216,) the commissioners, with the consent of the city council of Chicago and of the abutting property owners, had the power to select and take such streets and improve them as boulevards, it is still said that they could do so only under the circumstances and upon the conditions mentioned in the statute; that, this being a statutory proceeding, it is necessary that it should appear from the record that the facts upon the existence of which the right to take the street depended really did exist. We do not regard this view as correct. The proceedings by which the street was selected and taken had no necessary connection with the proceedings for the confirmation of the special assessment. It was alleged in the petition that it had been selected and taken and was within the park district, and it was neither necessary to allege nor to prove in this proceeding the regularity of the various steps by which the commissioners acquired control of the street. Whether such an issue might not have been made so as to involve the trial of the question here sought to be raised, as was done in *Thorn* v. *West Chicago Park Comrs.* 130 Ill. 594, it is not necessary to inquire, for the proceedings on their face show that the defendants in error had secured control of the street, and it will not be presumed that they did so illegally. As said in *Chicago and Northwestern Railway Co.* v. *West Chicago Park*

*Comrs.* 151 Ill. 204 (on p. 211): "What would have been the result had the objections now urged been made, as in *Thorn* v. *West Chicago Park Comrs.* 130 Ill. 594, at the incipiency of the corporate control by the park commissioners, or in some appropriate direct proceeding, is not necessary to determine." Plaintiff in error did not appear below, and by objections or otherwise raise the question whether defendants in error had complied with the statute in selecting and taking the street for boulevard purposes, nor are we informed by any bill of exceptions what the evidence was, if any, on that subject. In this state of the record we are not called upon to decide the question of the validity of the proceedings by which Jackson street was acquired by the park authorities. (See *West Chicago Park Comrs.* v. *Sweet*, 167 Ill. 326.) If the question were one proper to be raised in the assessment proceeding, no error in respect to it is made to appear from the record.

The next contention is, that the proceedings making the assessment are erroneous on their face, because the ordinance provided that the cost of the improvement should be paid by special assessment levied upon the contiguous property abutting upon the street to be improved, to the amount that the same might be specially assessed therefor under the law; that the assessment, being confined to the abutting property, is a special tax and not a special assessment, and that the acts of 1871 and 1879, before mentioned, provided machinery for levying a special assessment only, and not for a special tax; and the argument is, that error appears in applying the statutory methods of levying special assessments to special taxes. It is not important to consider whether the conclusion drawn by counsel from the premises as stated is legally correct or not, for we are persuaded that counsel are in error in stating their major premise. It does not follow that because the ordinance confined the assessment to abutting property it was a special tax instead of a special assessment. (*Lake* v. *City of Decatur*, 91 Ill. 596; *West*

*Chicago Park Comrs.* v.*Farber, ante,* p. 146.) In the case at bar the assessment was made according to benefits, and, though confined to contiguous property, was a special assessment and not a special tax.

The notice was in accordance with the statute, and finding no error in the record the judgment is affirmed.

*Judgment affirmed.*