## THE ROYAL INSURANCE COMPANY

### *v.*

## THE SOUTH PARK COMMISSIONERS.

*Opinion filed October 24, 1898.*

1. PARKS—*selection of street by park board and improvement of same are distinct proceedings.* The selection of a street for a boulevard by park commissioners under the act of 1895, (Laws of 1895, p. 290,) and the subsequent improvement of the same by special assessment, are distinct proceedings. (*Aldis* v. *South Park Comrs.* 171 Ill. 424, and *Bass* v. *South Park Comrs.* id. 370, followed.)

2. SAME—*proceedings to assess for boulevard improvement need not show legality of selection of street.* Proceedings to levy a special assessment to improve a street selected by park commissioners for a boulevard need not show affirmatively that the commissioners, before selecting the street, obtained the consent of the owners of a majority of the frontage. (*Aldis* v. *South Park Comrs. supra,* followed.)

3. SAME—*notice of commissioners' application for confirmation need be published but once.* Park commissioners' notice of application for confirmation of a special assessment for park purposes need be published but once, to comply with section 3 of the Park act of 1871, (Rev. Stat. 1874, p. 735,) requiring its publication "at least ten days" before application. (*Aldis* v. *South Park Comrs. supra,* followed.)

4. The objection that the ordinance for the improvement in question was void because a provision thereof requiring the sale of the old paving blocks to the highest bidder was not complied with, was held to be without force in *Aldis* v. *South Park Comrs. supra.*

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

TAYLOR & MARTIN, for plaintiff in error.

GREEN, ROBBINS & HONORE, for defendants in error.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

This is a petition, filed on January 27, 1897, by the South Park Commissioners in the circuit court of Cook county, praying for the confirmation of a special assessment, levied against the property of the plaintiffs in

error and others to pay for the improvement of a portion of Jackson street in the city of Chicago. The petition alleges, that the South Park Commissioners, by an ordinance passed on November 18, 1896, did select and take Jackson street from the east line of the Chicago river to the east line of Michigan avenue in the town of South Chicago in the city of Chicago in the South Park district, etc., and that on December 16, 1896, they had passed an ordinance for the improvement of the same. Notice was given in the *Inter-Ocean,* a daily newspaper published in Chicago, that on February 10, 1897, the South Park Commissioners would apply to the circuit court for the confirmation of the assessment. Plaintiffs in error did not appear in response to the notice, and did not file any objections. Consequently, judgment by default was entered against their property. The present writ of error is sued out from this court by the plaintiffs in error for the purpose of reversing the judgment of the circuit court, confirming said assessment.

*First*—The first objection made by plaintiffs in error is, that, the present proceeding being a statutory proceeding, the record should show upon its face the facts, upon the existence of which the right to take the street depended. It is claimed, that it should affirmatively appear from the record in this case that the park commissioners, before selecting and taking Jackson street as a part of the park, obtained the consent of the corporate authorities, having control of said street, and also the consent in writing of the owners of a majority of the frontage of the lots and lands abutting on said street. This point was considered in the two cases of *Aldis* v. *South Park Comrs.* 171 Ill. 424, and *Bass* v. *South Park Comrs.* id. 370. The record in those cases was the same as the record here, except that the objectors were different persons. There, defaults had been entered against the plaintiffs in error in the court below. There, also, no bill of

exceptions appeared in the record. So, here, there is no bill of exceptions in the record. In the *Bass* and *Aldis cases, supra,* it was held, that the proceeding for the acquiring of the street was a separate proceeding from the proceeding for the levying of the special assessment; and that, upon such a record as exists here, it need not affirmatively appear that the consent of the corporate authorities, and the consent in writing of the owners of a majority of the frontage of lots and lands abutting on the street, were obtained by the commissioners. It is unnecessary to repeat the reasoning upon this subject, as set forth in the cases referred to. What is there decided disposes of the objection, as here made.

*Second*—The next objection made by the plaintiffs in error is, that the court below is without jurisdiction to enter judgment of confirmation upon the alleged ground, that the notice of application for the confirmation was insufficient. Such insufficiency is alleged to consist in the fact, that only one day's notice was given, and that a ten days' continuous notice should have been given. In *Aldis* v. *South Park Comrs. supra,* this objection was considered, and it was there held that a single publication, ten days before the application, was sufficient; and that the Park act did not require such notice to be published for ten successive days.

*Third*—The next objection made by plaintiffs in error is, that the ordinance providing for the improvement is void, because it provides that the old granite paving blocks should be advertised for sale and sold to the highest bidder, and because this was not done. In this connection it is contended, that the estimate of the cost was void because made without first advertising for bids for the old granite blocks, and crediting the proceeds on the cost of the improvement. This latter objection was also considered in *Aldis* v. *South Park Comrs. supra,* and was there held to be without force. The reasons for this conclusion may be seen by reference to that case.

All the grounds here urged for a reversal of the judgment of the circuit court are disposed of by the *Aldis* and *Bass cases, supra.* Accordingly the judgment of the circuit court is affirmed.

*Judgment affirmed.*