Charles R. VanNada *et al.* Appellants, *vs.* Edmund Goedde *et al.* Appellees.

*Opinion filed April 23, 1914.*

1. Parks—*the power of park districts to make improvements by special assessment is not an open question.* The power and authority of a park district to improve streets in its district by special assessment, as provided by law, have been upheld in so many cases in Illinois that it is no longer an open question. (*Updike* v. *Wright,* 81 Ill. 50, distinguished.)

2. Same—*act of 1895, for organization of park districts, is not unconstitutional.* The act of 1895, (Laws of 1895, p. 271,) for the organization of park districts and the transfer of submerged lands to those bordering on navigable bodies of water, is not unconstitutional in so far as it purports to confer upon such districts the power to make local improvements by special assessment.

3. Same—*an improvement wholly within park district is local though the district embraces territory of several municipalities.* A street improvement lying wholly within the limits of a park district is a local improvement as to such district, even though the district embraces part of the territory of a city and parts of the territory of several townships.

4. Constitutional law—*when courts may refuse to consider constitutionality of statute.* The courts may refuse to consider the constitutionality of a statute which has long been treated by the courts as constitutional and under which important and valuable rights have accrued.

Dunn, J., dissenting.

Appeal from the Circuit Court of St. Clair county; the Hon. George A. Crow, Judge, presiding.

D. J. Sullivan, for appellants.

A. H. Baer, for appellee the Dunlap-Dippold Company.

Kramer, Kramer & Campbell, for other appellees.

Mr. Justice Craig delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of St. Clair county sustaining a demurrer to a bill for injunction filed by appellants, praying that the acts of appellees, the East St. Louis Park District, the board of local improvements of said park district and the park commissioners of said park district, done in an attempt to construct a local improvement in North boulevard of said park district by special assessment, and all acts done in furtherance of such attempts to so construct said improvement and to levy special assessments for the payment of costs of such improvement, be declared null and void and the park authorities of said park district be enjoined from entering into a contract for the making of such improvement.

The facts relied upon in the bill of complaint are, that the appellants, Charles R. VanNada and W. E. Williams, own property within the East St. Louis Park District, in the county of St. Clair and State of Illinois; that the said park district is a public corporation organized and existing under an act entitled "An act to provide for the organization of park districts and the transfer of submerged lands to those bordering on navigable bodies of water," approved June 24, 1895, and in force July 1, 1895; that the said park district lies wholly within the said county of St. Clair, and is partly within the city of East St. Louis and partly within the townships of Centerville Station and Canteen, in said county; that by an act of the General Assembly entitled "An act to enable park commissioners or park authorities to make local improvements and provide for the payment thereof," approved June 24, 1895, and in force July 1, 1895, in connection with the provisions of chapter 24 of the Revised Statutes of Illinois in reference to

the construction of local improvements by special assessments, the legislature attempted to confer upon park districts the right to levy special assessments upon the property benefited, for the purpose of making local improvements within such districts; that pursuant to the acts above mentioned, the said park district, acting through its authorized corporate authorities, determined to improve one of its public boulevards, known as North boulevard, and in the furtherance of such determination the corporate authorities of such park district provided for the improvement of said boulevard by an ordinance duly passed and entered upon its records. The bill recites the further steps taken by said park district, including the filing of a petition by the corporate authorities thereof in the county court of St. Clair county, the compliance by said park district with the requirement of the Local Improvement act with reference to apportioning the cost of the improvement, making an assessment roll and all preliminary steps required to be taken to have such assessment approved by the court, and the entry of an order by said court confirming the report of the commissioners in said proceeding and entering judgment against the property set forth in said assessment roll as amended by the court; that appellant Charles R. Van-Nada is the owner, in fee simple, of lot 2 in block 19 of Washington Park subdivision, as per plat thereof of record in the recorder's office of St. Clair county, Illinois, which said lot is contiguous to said improvement and within said park district, and that said park district has attempted to assess said lot the sum of $189.78 for the construction of said improvement; that the appellant W. E. Williams is the owner, in fee simple, of lots 6 and 7 in block 9 of East Lansdowne subdivision, (now part of the city of East St. Louis,) which said lots are contiguous to said improvement and within said park district, and that said park district has attempted to assess said lots the sum of $35.60 for the construction of said improvement; that appellants

are also the owners of other real estate in said park district which will be assessed for general taxes to pay the amount of said improvement assessed against the park district itself; that the amount of the cost of said improvement so confirmed against said park district by the judgment of the county court is $15,391.12; that the amount so confirmed against said lot 2, owned by appellant Charles R. VanNada, is $189.78, and the amount confirmed against said lots 6 and 7, owned by appellant W. E. Williams, is $35.60, which amounts so severally assessed against said property would appear by said judgment of confirmation to be a lien upon the said respective properties of appellants and clouds upon their respective titles; that the amounts so assessed against the said district would also be a charge upon appellants' properties in said district, to be paid by general taxation.

Appellants contend that the act under which the said park district is organized, in so far as it attempts to confer upon such municipalities the power to make local improvements by special assessment, is unconstitutional and void; that the acts of the said park district, and each and every one of them, done in the furtherance of the attempt to construct said local improvement by special assessment, are unconstitutional and void; that the county court was without jurisdiction to render its said judgment of confirmation and that said judgment is void; that by reason thereof the said assessment so attempted to be made a lien upon appellants' respective properties, and the amount so charged against the park district itself, are illegal and unauthorized, and that the contract about to be entered into upon the part of the said park district is also illegal and unauthorized and should be restrained and enjoined.

The defendants demurred to said bill. The court sustained the demurrer, and the appellants electing to stand by their bill, the court dissolved the temporary injunction previously issued in said cause and dismissed the bill for

want of equity. From the decree so rendered appellants have taken this appeal, and ask a reversal of the decree of the circuit court, and that this court enter a proper decree upon the facts admitted by such demurrer, or that it reverse the decree and remand said cause, with directions to the circuit court to overrule said demurrer.

It appears from the bill filed in this case that the park district in question includes part of the territory of the city of East St. Louis and part of the townships of Centerville Station and Canteen. The sole contention of appellants is that the park district, as organized, has no power or authority to make local improvements to be paid for by special assessments, and that the legislative enactment under which the park district in question was organized, and which purports to give such park district the power to levy assessments, is unconstitutional. Appellants rely upon section 9 of article 9 of the constitution of 1870, which is as follows: "The General Assembly may vest the corporate authorities of cities, towns and villages with power to make local improvements by special assessment, or by special taxation of contiguous property, or otherwise. For all other corporate purposes, all municipal corporations may be vested with authority to assess and collect taxes; but such taxes shall be uniform in respect to persons and property, within the jurisdiction of the body imposing the same." Counsel for appellants also insist that the word "towns," as it occurs in said section 9 of the constitution, means incorporated towns or villages, as distinguished from townships in counties under township organization, and that an improvement must be wholly within the limits and under the control of one municipality in order to be a local improvement that may be constructed by special assessment, as the term "local improvement" is used in the statute.

The appellee park district is organized under an act of the legislature entitled "An act to provide for the organization of park districts and the transfer of submerged lands

to those bordering on navigable bodies of water." (Hurd's Stat. 1909, p. 1616.) This act has been construed by this court. (*People* v. *Ennis,* 188 Ill. 530.) The constitutionality of the law was not questioned. By section 15 of that act park districts organized thereunder are given power to acquire, by gift, grant, purchase or condemnation, lands for parks and boulevards. By section 35 of the act park districts are given the power to acquire any public street, road or highway, or a portion thereof, within the limits of the park district, to be taken charge of by the park district and improved and maintained by it as a pleasure drive or boulevard, provided the consent of the city, village or town having control of the street or highway, and the consent of a majority of the owners of the frontage, is obtained. Sections 23 to 28 of the act refer to the making of local improvements and paying for the same by special assessment.

There is also in existence an act of the legislature entitled "An act to enable park commissioners or park authorities to make local improvements and provide for the payment thereof." (Hurd's Stat. 1909, p. 1614.) This act confers upon all boards of park commissioners or park authorities then existing or thereafter established for the purpose of locating, establishing and enclosing, improving or maintaining, any public park, boulevard, driveway, highway or street, power and authority to levy, assess and collect special assessments or special taxes on contiguous property for the purpose of improving any boulevard, highway, driveway or street which might then be or might thereafter come under their control in any manner whatsoever, and section 2 of the act declares that the power and authority vested by this act are additional to and not in limitation of any power and authority theretofore vested in said park commissioners or park authorities. This act has been held constitutional in the cases of *West Chicago Park Comrs.* v. *Sweet,* 167 Ill. 326, *West Chicago Park Comrs.* v. *Farber,* 171 id. 146, *Farr* v. *West Chicago Park Comrs.* 167 id. 355,

and *Cummings & Co.* v. *People,* 213 id. 443. In the case of *West Chicago Park Comrs.* v. *Sweet, supra,* this court said, in passing upon the power of park boards to make local improvements by special assessment when it was contended they were not corporate authorities, under section 9 of article 9 of the constitution, on page 334 of the opinion: "The power to make local improvements by special assessment has been exercised by park boards for many years and has been too often recognized to be now questioned.—*People* v. *Salomon,* 51 Ill. 37; *Hundley* v. *Park Comrs.* 67 id. 559; *People* v. *Brislin,* 80 id. 423; *Dunham* v. *People,* 96 id. 331; *Andrews* v. *People,* 84 id. 28; *Smith* v. *People,* 87 id. 74; *Kedzie* v. *Park Comrs.* 114 id. 280." Under the foregoing decisions it would seem that the question of the power and authority of park districts to improve streets in said districts by special assessment, as provided by law, is no longer an open question.

Counsel for the appellants cites the case of *Updike* v. *Wright,* 81 Ill. 50, as sustaining the contention that park districts cannot make local improvements by special assessment. It was held in that case that the General Assembly, under the constitution, possesses no power to invest commissioners or juries selected by the county court with authority to assess and collect taxes or special assessments for the construction of levees to prevent the overflow of lands. The decision was, that the commissioners were not corporate authorities of a municipality. In the later case of *West Chicago Park Comrs.* v. *Western Union Telegraph Co.* 103 Ill. 33, it was held that the West Chicago Park Commissioners are a *quasi* municipal corporation and the commissioners thereof corporate authorities. This case referred to the case of *Updike* v. *Wright,* and distinguished that case from others wherein the powers of park commissioners as corporate authorities were defined. In the case of *People* v. *Salomon, supra,* it was held that while section 5 of article 9 of the constitution of 1848, which pro-

vided that the corporate authorities of counties, townships, school districts, cities, towns and villages may be vested with power to assess and collect taxes for corporate purposes, must be construed as a limitation upon the power of the legislature to authorize any other than corporate authorities to assess and collect local taxes and as limiting the objects. of local taxation to corporate purposes, yet it does not confine the legislature to any particular corporate authorities or to any then known instrumentalities of that character; that there is no prohibition against the creation, by the legislature, of every conceivable description of corporate authorities, and, when created, to endow them with all the faculties and attributes of pre-existing corporate authorities. Such park districts are municipal corporations. *West Chicago Park Comrs.* v. *City of Chicago,* 152 Ill. 392.

The situation with regard to park districts is similar to that of cities and villages which have been organized since the adoption of the constitution of 1870. The law provides a method by which the inhabitants of any territory in this State may organize such territory into a city or village, and when they have, in the manner provided by law, by an election, duly organized such territory into a village or city, their property within such territory which they have voted into such village or city may be subject to special assessments or special taxation for certain public improvements. Such a park district as the one in this case is organized pursuant to the vote of the people of the territory comprising such park district. When organized it is a municipal corporation, and the authorities thereof are empowered to make certain local improvements in such district in the same manner as the authorities of the cities. and villages. In the case of *West Chicago Park Comrs.* v. *City of Chicago, supra,* the legal status of park districts as municipal corporations is explained.

While it is true that a municipality cannot provide for a local improvement that will extend into another munici-

pality, the improvement in the case at bar must be treated as one wholly within and under the control of the municipal corporation in question, which is the park district, even though the same does take in a portion of the city of East St. Louis and a portion of the townships outside of said city. Where the improvement in question is to be under the control of the park district as a municipal corporation, what difference would it make if such improvement were wholly within the limits of some city or village, as long as it was entirely within the limits of and under the control of said park district? For this reason the case of *Loeffler* v. *City of Chicago*, 246 Ill. 43, cited by counsel for the appellants, does not apply. In the case of *People* v. *Brislin, supra,* this court decided that the law of 1871, which enabled corporate authorities of two or more townships, for park purposes, to make a special assessment on contiguous property for benefits, was constitutional, and the opinion by Mr. Justice Breese uses the following language: "The park district, when established in pursuance of the act creating it, became a municipality for certain purposes, and as such came within the domain of legislation. The powers of the corporate authorities of this municipality are subservient to the legislative power, precisely as in the case of other municipalities, and are not interfered with by the present State constitution. On the contrary, their existence is implied by the terms of section 9 of article 9, giving them power to make special assessments for local improvements, or by taxation of contiguous property, or otherwise. This act of 1871 in no degree trenches upon this article but is in conformity therewith." This opinion was quoted with approval in the case of *Dunham* v. *People, supra,* which decided practically the same point.

.  ·Both of the acts of 1895 in question have been before this court, and similar park acts have been construed and held constitutional in a large number of cases, some of which we have cited. · Under the laws so declared valid and

constitutional by this court, park districts have been established, bonds issued and important rights have accrued. "When statutes have long been treated by the courts as constitutional and important rights have been based thereon, the courts may thereafter refuse to consider their constitutionality." *Richter* v. *Burdock,* 257 Ill. 410; *Gregory Printing Co.* v. *DeVoney,* id. 399; *Marshall* v. *Silliman,* 61 id. 218.

For the reasons given, the judgment of the circuit court of St. Clair county will be affirmed     *Judgment affirmed.*

Mr. JUSTICE DUNN, dissenting.