(No. 20053.—

THE PEOPLE *ex rel.* The Village of South Chicago Heights
*et al.* Appellants, *vs.* DANIEL P. BERGIN *et al.* Appellees.

*Opinion filed June 20, 1930.*

JOHN A. SWANSON, State's Attorney, (DENNIS K. LIND-HOUT, of counsel,) for appellants.

HOWARD P. ROE, and WILLIAM F. KENNEDY, (JOHN E. HOGAN, of counsel,) for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellants, by the State's attorney of Cook county, filed in the superior court of that county an information in the nature of *quo warranto* charging appellees with unlawfully holding and executing the office of trustees of the sanitary district of Bloom township. By the information it is set out that the city of Chicago Heights and the village of South Chicago Heights are municipal corporations organized under the Cities and Villages act; that those corporations, with a certain territory within three miles of the village or city lines, comprise the supposed sanitary district. The information charges that the village of South Chicago Heights had purchased land alongside its water-course for a sewage disposal plant but were stayed from building same by appellees, as such trustees. The information charges that appellees are holding and exercising such position without right or power and that the district was not legally formed.

Appellees filed four pleas, setting out the organization of the district under an act entitled, "An act to create sanitary districts and to provide for sewage disposal," approved June 22, 1917, the appointment of appellees by the county judge of Cook county, and their qualification as provided by the act. The pleas set out the proceedings for the organization of the district, and it is not contended here that the organization did not take place in compliance with the statute. A demurrer was filed to these pleas on the ground that the Sanitary District act of 1917 was unconstitutional and void. This demurrer was overruled, and appellants abiding same the writ of *quo warranto* was quashed. Appellants bring the cause here for review on the ground that the Sanitary District act of 1917 is in conflict with section 1 of article 4 of the constitution, also with article 3 of the constitution, and that section 9 of the act is in conflict with section 12 of article 9 of the constitution. It is also contended that the provisions of section 1 of the act are inconsistent and impossible of application.

By section 1 of this act it is required that the petitions for the organization of a sanitary district thereunder must show that the territory to be included is contiguous; that it contains one or more incorporated cities, towns or villages or parts of one or more thereof; that the said territory is situated within the limits of one or more city, town or village or within three miles of the boundary thereof; that the territory is not already included within a sanitary district organized under this or any act and is so situated that the construction and maintenance of a plant for the purification and treatment of sewage will conduce to the preservation of public health, comfort or convenience. Counsel for appellants argue that this section of the statute is inconsistent, in that the third requirement is that the territory shall be situated within the limits of a city, incorporated town or village, while the fourth requirement is that the territory be situated within three miles of such city, incorporated

town or village. The language of section 1 of the statute in this particular is as follows: "No territory shall be included in any municipal corporation formed hereunder which is not situated within the limits of a city, incorporated town or village, or within three miles thereof," etc. Clearly, this is language of exclusion, and is to be construed to mean that no territory may be included within such a district unless it is within the limits of a city, incorporated town or village or lies within three miles of the limits of such city, incorporated town or village. There is no inconsistency in these provisions of the act.

It is also argued that the provision of section 1 that territory sought to be organized into a sanitary district may not contain territory already included in a sanitary district renders the act inoperative because, they say, all cities, villages and incorporated towns are sanitary districts under the Cities and Villages act, and as to this position they rely upon *Village of Broadview* v. *Dianish,* 335 Ill. 299, and *Canal Comrs.* v. *Village of East Peoria,* 179 id. 214. These cases are authority for the proposition that cities and villages, under clause 30 of section 1 of article 5 of the Cities and Villages act, are in themselves drainage districts authorized to build sewers or widen or deepen drainage ditches for drainage purposes. Cities and villages are not, however, sanitary districts as contemplated by the Sanitary District act, and may not become such unless such steps as are required by that act shall be taken.

Counsel for appellants argue that the act conflicts with section 1 of article 4 of the constitution, in that it is an unwarranted delegation of legislative power. It is also contended that the act violates article 3 of the constitution, in that it confers on judicial officers legislative functions, and that section 9 violates section 12 of article 9 of the constitution, concerning the limitation of indebtedness of municipalities, in that it does not limit such indebtedness to the indebtedness already in existence affecting the cities, vil-

lages or incorporated towns within the sanitary district. These questions are no longer open in this court. Among the earlier cases in which the questions here raised were considered and decided are those of *Wilson* v. *Sanitary District of Chicago,* 133 Ill. 443, and *People* v. *Nelson,* 133 id. 565. In those cases the constitutionality of the act creating the Sanitary District of Chicago was attacked. Section 1 of that act is in substance the same as section 1 of the Sanitary District act of 1917, and practically all the objections raised to this act were there raised and decided contrary to the contention of counsel for appellants here. It was in those cases decided that the provisions of the act creating the Sanitary District of Chicago were not void as a delegation of legislative authority nor in violation of article 3 of the constitution, providing for the separation of governmental powers. It was also held that the provisions of the act for the Sanitary District of Chicago authorizing the creation of indebtedness did not contravene section 12 of article 9 of the constitution, limiting the indebtedness of municipalities. This point was also considered and the *Wilson* and *Nelson cases* approved in *People* v. *Chicago and Illinois Midland Railway Co.* 256 Ill. 488, and in *Fiedler* v. *Eckfeldt,* 335 id. 11. In *People* v. *Bowman,* 247 Ill. 276, it was held that the Sanitary District act of May 17, 1907, to create sanitary districts in certain localities, (Smith's Stat. 1929, chap. 42, par. 247,) which contains provisions similar to those under objection in this case, does not violate article 3 of the constitution. In *Taylorville Sanitary District* v. *Winslow,* 317 Ill. 25, section 19, empowering a board of trustees to construct local improvements in accordance with the Local Improvement act, was attacked as violating section 9 of article 9 and section 31 of article 4 of the constitution. This attack, however, was not sustained but the act was again declared to be valid. In *People* v. *Camargo School District,* 313 Ill. 321, it was argued that certain sections of the School law were invalid in that they permitted

territory to be detached from the community consolidated school district in a manner which conferred legislative, judicial and executive powers on the voters of the district. This contention, however, was not sustained.

Acts similar to the one attacked here have frequently been before this court and have been construed and held constitutional in a number of cases, some of which we have cited. Under the laws so declared valid by this court, sanitary districts have been established, bonds issued and important rights have accrued. The rule is, that when statutes have long been treated by the courts as constitutional and important rights have been based thereon the courts may thereafter refuse to consider questions of their constitutionality. *VanNada* v. *Goedde,* 263 Ill. 105; *Gifford* v. *Culver,* 261 id. 530; *Richter* v. *Burdock,* 257 id. 410; *Marshall* v. *Silliman,* 61 id. 218.

The formation of sanitary districts is for the preservation of health, which is one of the important objects of government. (1 Blackstone's Com.—Sharswood's ed.— *p. 132.) Such purpose lies within the police power and may be exercised either by the legislature or by corporations to which the legislature has delegated it. The General Assembly being vested with such power may likewise invest with it corporations created by the legislature other than cities or villages, and it violates no principle of constitutional law to create such a district and vest it with powers for sanitary purposes co-extensive with the territory to be controlled. *City of Chicago* v. *Town of Cicero,* 210 Ill. 290; *Hartwell* v. *Armstrong,* 19 Barb. 166; *Reeves* v. *Treasurer of Wood County,* 8 Ohio St. 332; *Dean* v. *Davis,* 51 Cal. 406; *Donnelly* v. *Decker,* 58 Wis. 461.

It is argued that the provision concerning the detachment of territory contravenes section 2 of article 2 of the constitution and the fourteenth amendment of the Federal constitution. Section 24 of the act provides the manner in which territory may be disconnected from the district. It

directs the filing of a petition addressed to the county judge, setting out certain facts pertaining to indebtedness and as to matters of benefits. After a hearing thereon the county judge, or county judges if the district lies in more than one county, shall determine whether the facts have been shown to be true, and if so, the matter of disconnecting the territory described in the petition shall be submitted to the voters of such territory, and if a majority shall vote for such detachment and the trustees shall pass an ordinance authorizing same, the county judge shall enter such change in the district upon the records of the county court. This question arose in *People* v. *Camargo School District, supra,* where attack was made on the provision of the School law permitting the detachment of territory from school districts, and it was there held, on similar provisions, that they did not contravene section 2 of article 2 of the constitution.

It is also argued in this connection that the requirement that the provision that territory can be detached only in case the board of trustees shall pass an ordinance so declaring, after a majority of the inhabitants had voted for such detachment, places an unreasonable power in the hands of the board of trustees. It is evident from the language of the act that when a majority of the voters in the territory sought to be detached have voted for such detachment it is the duty of the trustees to pass such an ordinance, and they may be required to do so. They are not, therefore, possessed of arbitrary power to refuse so to do.

The Sanitary District act involved here is not invalid, and the superior court did not err in overruling appellants' demurrer to the pleas filed and quashing the writ of *quo warranto.*

The judgment of the superior court is therefore affirmed.

*Judgment affirmed.*