(No. 20761.

JOHN T. MEEHAN *et al.* Plaintiffs in Error, *vs.* THE GRANITE CITY PARK DISTRICT, Defendant in Error.

*Opinion filed February 19, 1932.*

J. B. Harris, for plaintiffs in error.

Wesley Lueders, for defendant in error.

Mr. Commissioner Partlow reported this opinion:

Plaintiffs in error, who were property owners, filed their bill in the circuit court of Madison county praying that defendant in error, the Granite City Park District, be restrained from paving Twenty-fourth boulevard, a street in the park district; that an assessment for the improvement confirmed by the county court of Madison county be decreed to be null and void and the collection thereof permanently enjoined, and that the park district be restrained from exercising jurisdiction or control over the boulevard in question. A temporary injunction was issued, later an amended bill was filed, a motion was made to dissolve the temporary injunction, and a demurrer was sustained to the bill as amended. Plaintiffs in error elected to stand by their bill, it was dismissed for want of equity, the temporary injunction was dissolved, and a writ of error was prosecuted from this court to review the decree.

The amended bill in substance sets up the following facts: The city of Granite City is a municipal corporation organized in 1896 under the City and Village act and it now has a population of about 25,000. The Granite City Park District is a separate municipal corporation organized in 1921 under "An act to provide for the organization of park districts and the transfer of submerged lands to those

bordering on navigable bodies of water." (Smith's Stat. 1931, p. 2072.) Prior to 1908 the north corporate limit of Granite City was one block north of Twenty-third street, which is designated herein as Twenty-fourth street. At this point there were two adjacent and parallel railroad belt lines, each fifty feet wide. About 1908 additional territory was annexed to the city and the north corporate limit was extended north about a mile. Subsequently the land lying north of the belt lines was subdivided. These subdivisions contained various streets, which were dedicated to the public use. One of these streets was known as North Twenty-fourth street and another was known as South Twenty-fourth street. About 1928 the belt line rights of way and certain other lands were purchased by the park district. On May 8, 1930, the park district passed ordinance No. 38, which described the street known as North Twenty-fourth street, an eight-foot strip used as a sidewalk, the street known as South Twenty-fourth street, and several other cross-streets and pieces of land, and the ordinance provided that all of these streets and tracts of land in the park district should constitute a boulevard, to be known as Twenty-fourth boulevard. A plat was made of the territory described in the ordinance. On May 19, 1930, the park district executed a deed of dedication, which recited that the park district "does hereby dedicate and grant the streets shown on the annexed plat, and not already dedicated, to the public use forever." This deed was accepted by the city council of Granite City by ordinance No. 899 on May 23, 1930. The ordinance recited that there had been presented to the city council a plat of Twenty-fourth boulevard, a public boulevard dedicated to public use, and the ordinance recited that "the Granite City Park District to have control over said Twenty-fourth boulevard." On June 9, 1930, the park district passed ordinance No. 42 for the improvement of Twenty-fourth boulevard by paving the streets and doing other work thereon. The bill sets out the proceed-

ings filed in the county court of Madison county for the levy of a special assessment to pay for this improvement; that objections were filed by some of the plaintiffs in error to this assessment, which objections were overruled, and that a judgment of confirmation was entered. The main ground alleged in the bill for relief is that Twenty-fourth boulevard belongs to the city of Granite City and that the Granite City Park District does not own the streets and is without jurisdiction to pave them.

Plaintiffs in error insist that the amended bill contains a sufficient recital of facts to show that the city of Granite City had exclusive jurisdiction and control over the streets included within Twenty-fourth boulevard; that the Granite City Park District never had control or jurisdiction of said streets and that its attempt to levy a special assessment to improve the same was void for want of authority so to do; that the park district was required to affirmatively show in the proceedings to levy the special assessment in the county court the manner in which the park district acquired control or jurisdiction over Twenty-fourth boulevard; that the record in the county court does not affirmatively show this fact, and therefore the whole proceeding in the county court is void. Defendant in error insists that this bill is a collateral attack upon the judgment of confirmation of the special assessment in the county court and that it will not be allowed to prevail against such judgment; that the proceedings in the county court are not void; that even though there may be some error in those proceedings, the county court was not without jurisdiction of the person and subject matter and that its judgment is binding until reversed upon a direct appeal.

Section 14 of the statute under which defendant in error was organized, provides that any park district organized under the act shall have power to acquire, lay out, establish, construct and maintain parks and boulevards in the district and have full power to control, manage and govern the

parks and boulevards and the use thereof. Section 35 of the same. act provides that any public street, road or highway, or portion thereof, situated within the limits of any park district organized under this act, may be taken charge of by the district and improved and maintained by it as a pleasure drive or boulevard, provided that the consent of the corporate authorities having control of such street or highway, or portion thereof, shall be first obtained, and also the consent in writing of the owners of a majority of the frontage of the lots and lands abutting on the same. It has been held under this statute that a park district is a municipal corporation and the authorities thereof are empowered to make local improvements in such district in the same manner as the authorities of cities and villages. (*VanNada* v. *Goedde,* 263 Ill. 105.)  In *Bass* v. *South Park Comrs.* 171 Ill. 370, which was a special assessment proceeding by a park district, it was held that it was neither necessary to allege nor to prove the various steps by which the park district acquired control of the street sought to be improved. In *Aldis* v. *South Park Comrs.* 171 Ill. 424, it was objected that the proceedings in the county court failed to show that the park district had obtained the consent of the city authorities and the property owners before selecting a street for improvement. It was held that where a park district attempts to levy an assessment it is not required to prove that it observed all of the steps required by the statute in taking jurisdiction over the street in question. In *Royal Ins. Co.* v. *South Park Comrs.* 175 Ill. 491, it was held that it was not necessary to affirmatively show that the consent of the corporate authorities and the consent in writing of the owners of a majority of the frontage of lands abutting on the street were obtained by the commissioners of the parks. Under these authorities the defendant in error was not required to show in the county court by what authority it acquired jurisdiction over the streets in question.

Attached to the amended bill and made a part thereof were all of the special assessment proceedings in the county court. This record shows that many of the plaintiffs in error filed written objections to the assessment. These objections were, that the improvement ordinance was illegal and void; that Twenty-fourth boulevard was not a public highway; that the improvement was one which was not contemplated by the law under which the park district was proceeding; that the park district had no jurisdiction of the improvement, and that all of its actions and doings, together with the ordinance and resolution, were illegal and void. All of these objections were overruled by the county court, and the order confirming the assessment recited that all of the preliminary requirements of the law had been fully complied with, that the petition and ordinance were in all respects legal and sufficient, and that the objectors had waived a hearing on the question of benefits. No appeal was prosecuted from this judgment.

If the Granite City Park District did not own, control or have jurisdiction over the streets in Twenty-fourth boulevard, objections to that effect would have defeated the assessment in the county court. Objections were filed which were sufficient to have raised the question of the right of the park district to make the improvement, and the county court had jurisdiction to determine such a question. The judgment of the county court was *res judicata* of all objections and questions which were raised in that court or which might have been raised. (*Martin* v. *McCall,* 247 Ill. 484; *Lusk* v. *City of Chicago,* 211 id. 183; *People* v. *Talmadge,* 194 id. 67.) The collection of a special assessment will not be enjoined where the bill sets forth no grounds for relief other than the grounds which were available in the county court. (*Cosgrove* v. *City of Chicago,* 235 Ill. 358.) In *Sumner* v. *Village of Milford,* 214 Ill. 388, on page 392, it was said: "A court of equity will never interfere to stay the execution of a judgment unless the party

invoking its aid can show a special equitable feature or ground of relief, and the failure of the complainant to make his defense in a court of law having jurisdiction of the subject matter and of his person is no ground for such interference." After the judgment of confirmation had been entered in the county court the only objection available to the land owner is such as goes to the jurisdiction of the county court to render the judgment of confirmation, and such lack of jurisdiction must appear upon the face of the record of the court in which the judgment was rendered. (*People* v. *Jones,* 333 Ill. 382; *People* v. *Freeman,* 301 id. 562.) In *Mushbaugh* v. *Village of East Peoria,* 260 Ill. 27, a bill was filed to enjoin the collection of an assessment for an improvement on the ground that the street which was improved belonged to the city of Peoria and did not belong to the village of East Peoria. On page 33 this court said: "If it be urged that the city of Peoria owns the fee to the street in question, that is no objection in this collateral proceeding to the levying of an assessment to pay for a local improvement constructed thereon. (*People* v. *Sass,* 171 Ill. 357.) Such an objection, under section 53 of the Local Improvement act of 1897, should be made on application to confirm the assessment and cannot be raised collaterally."

The chancellor properly sustained the demurrer to the bill and dismissed it for want of equity, and the decree is affirmed.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Decree affirmed.*